IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02598-CMA-KMT

BRENDA C. PEREZ, and
MANUAL PEREZ,

      Plaintiffs,

v.

MACY'S WEST STORES, INC.,

      Defendant.

---

ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT (DOC. # 21)

---

This matter is before the Court on Defendant Macy's West Stores, Inc.'s Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative Motion for More Definite Statement Pursuant to F.R.C.P. 12(e) (Doc. # 21.) In this product liability action, Plaintiffs Brenda Perez and Manual Perez bring claims against Defendant[1] for its role in selling a pressure cooker that malfunctioned and severely burned Mrs. Perez.[2] *See generally* (Doc. # 1.) Subject-matter jurisdiction is proper under 28 U.S.C. § 1332 (diversity jurisdiction). For the reasons that follow, Defendant's motion to dismiss is

---

[1] Plaintiffs' Complaint also named two other defendants, the manufacturers of the product at issue, but Plaintiffs were unable to serve those defendants. *See* (Doc. # 32.) Therefore, at the recommendation of Magistrate Judge Kathleen M. Tafoya, the Court dismissed the claims against the two unserved defendants. (Doc. # 33.)

[2] Because Plaintiffs share a last name, the Court will refer to them individually as "Mr. Perez" or "Mrs. Perez."

denied; Defendant's motion for a more definite statement is granted in part and denied in part.

## I.      BACKGROUND

This is a product liability suit. Plaintiffs purchased a "6 Qt. Fagor Rapida Gas-Electric Vitro-Induction INOX 18-10 Plaksteel Pressure Cooker" some time before September 7, 2018. (*Id.* at ¶¶ 29, 35, 42.) On September 7, 2018, as Mrs. Perez was preparing beans in the pressure cooker and went to release the steam valve on the pressure cooker, the lid exploded off the cooker and covered her in its boiling hot contents. (*Id.* at ¶¶ 42–45.) As a result of the incident, Mrs. Perez suffered second and third-degree burns on her legs, chest, and abdomen. (*Id.* at ¶ 50.) Plaintiffs brought this action against Defendant on August 27, 2020. (Doc. # 1). In their Complaint, Plaintiffs raise five claims against the Defendant: 1) strict product liability; 2) negligence; 3) violation of the Colorado Consumer Protection Act; 4) breach of implied warranty; and 5) breach of express warranty. *See* (*id.*) On April 28, 2021, Defendant filed its Motion to Dismiss, which included a Motion for a More Definite Statement in the event dismissal was denied. (Doc. # 21.)

## II.      STANDARD OF REVIEW

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is to test "the sufficiency of the allegations within the four corners of the complaint." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). A complaint will survive such a motion only if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a

motion to dismiss, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1192 (10th Cir. 2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted).

In reviewing a Rule 12(b)(6) motion, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Nevertheless, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## III.   DISCUSSION

To survive a motion to dismiss in a product liability case, a plaintiff must allege facts which, if proven, would establish that: (1) the product was in a defective condition unreasonably dangerous to the user or consumer; (2) the product was expected to and did reach the consumer without substantial change in the condition in which it was sold; (3) the design defect caused the plaintiff's injury; (4) the defendant sold the product and was engaged in the business of selling products; and (5) the plaintiff sustained

damages.[3] *Barton v. Adams Rental*, 938 P.2d 532, 536-37 (Colo. 1997). Plaintiffs have satisfied this standard. Specifically, Plaintiffs alleged the following in their Complaint:

- the pressure cooker was defective because the "lid could be opened when the pot was under pressure," (Doc. # 1 at ¶ 76.a);

- Defendant did not make substantial changes to the condition in which the cooker was sold, *see e.g.,* (*id.* at ¶¶ 52, 54.g);

- the defect in the product caused Mrs. Perez's injury, (*id.* at ¶¶ 45–48);

- Defendant sold the product and was engaged in the business of selling products, (*id.* at ¶¶ 28–31); and

- Plaintiffs sustained over $100,000 worth of damages. (*Id.* at ¶¶ 59–66.)

These allegations, accepted as true, establish a "plausible" product-liability claim. *See Barton*, 938 P.2d at 536-37.

Defendant argues, however, that Plaintiffs' Complaint should be dismissed because they failed to sufficiently plead that Defendant is a "manufacturer" under Colorado law. (Doc. # 21 at p. 4-5.) Specifically, Defendant contends that it is immunized from product liability in this case under Colorado's "Innocent Seller" statute, C.R.S. § 13-21-402(1), which states: "No product liability action shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product." (Doc. 21, p. 3.) Although a seller can be deemed a manufacturer "[i]f

---

[3] This standard applies regardless of the theory upon which the plaintiff seeks relief. *See* C.R.S. § 13-21-401(2) ("'Product Liability Action' means any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury. . . caused by or resulting from the manufacture, construction, design. . . or sale of any product.")

jurisdiction cannot be obtained over a particular manufacturer of a product," C.R.S. § 13-21-402(2), Defendant contends that Plaintiffs have failed to demonstrate that this exception to the innocent-seller rule applies to this case. The Court need not address this argument at this stage in the litigation.

Defendant is essentially arguing that Plaintiffs were required to plead facts which, if true, would prove that Defendant is *not* an innocent seller. Or, to put it differently, Defendant is arguing that Plaintiffs' Complaint fails to disprove Defendant's innocent-seller defense. Defendant cites no authority to support this position. "The court's function on a Rule 12(b)(6) motion is. . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller*, 948 F.2d at 1565. As discussed above, Plaintiffs have pled the essential elements of a product-liability case, so their Complaint is not subject to dismissal.[4]

As an alternative to dismissal, however, Defendant also moves for a More Definite Statement from Plaintiffs under Federal Rule of Civil Procedure 12(e). (Doc. # 21. at p. 9.) Such an order may be appropriate when a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This request is granted in part and denied in part.

---

[4] Defendant also argues that Plaintiffs have failed to allege that Defendant is a "manufacturer" under the law because Plaintiffs failed to allege that Defendant had any "actual knowledge" of a defect in the product. (Doc. # 21 at p. 7.) However, the Court finds that Plaintiffs did allege actual knowledge by Defendant. (Doc. # 1 at ¶ 85) ("Defendants received numerous complaints from consumers and users of Fagor Pressure Cookers who sustained injuries from Fagor Pressure Cookers that malfunctioned, opened under pressure, and caused scalding burn injuries.").

Defendant contends that the Complaint is ambiguous because it fails to provide Defendant with:

1.  The date of Plaintiffs' purchase of the at-issue pressure cooker, with evidence of such purchase.

2.  The place of Plaintiffs' purchase of the at-issue pressure cooker, with evidence of such purchase.

3.  The amount of purchase of the at-issue pressure cooker, with evidence of such purchase.

4.  Any and all support for the allegation that Macy's was, in fact, the "principal distributor or seller" of Fagor pressure cookers at the time of the alleged sale to Plaintiffs.

5.  Any and all facts in support of any allegation that Macy's had actual knowledge of defects with the at-issue pressure cooker, as a "principal distributor or seller" at the time of the alleged sale to Plaintiffs.

6.  Any and all further facts supporting Plaintiffs' allegations against Macy's and that requirements of C.R.S. § 13-21-402(2) and C.R.S. § 13-21-401(1) can be met.

(Doc. # 21 at p. 9.)

With respect to alleged ambiguities 1-3, the Court does not find that any of these alleged ambiguities would prevent Defendant from understanding the allegations, drafting a response, or preparing a defense. With ambiguities 4-6, however, the Court agrees that the Complaint is ambiguous as to Plaintiffs' theory of liability against

Defendant. Specifically, it is not clear from the Complaint whether Defendant's liability is premised on knowledge of a product defect or on an exception to the innocent-seller rule. This ambiguity could hinder Defendant's ability to understand the allegations and prepare an appropriate defense. Moreover, two of the three named Defendants in Plaintiffs' Complaint have been dismissed from this case, (Doc. # 33), but many of Plaintiffs' allegations in the Complaint refer to actions committed by "Defendants" broadly.[5] These broad allegations may include conduct for which Defendant Macy's was not responsible and are therefore too vague for Defendant to reasonably prepare a response. Consequently, Plaintiffs are directed to file an amended complaint that (1) clearly states Plaintiffs' theory, or theories, of liability against Defendant and (2) provides the factual allegations to support that theory or those theories. Plaintiffs' amended complaint shall include any allegations that Defendant had knowledge of an alleged defect and/or that jurisdiction cannot be obtained over the manufacturer.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6), or in the Alternative Motion for More Definite Statement Pursuant to F.R.C.P. 12(e) (Doc. # 21) is GRANTED IN PART and DENIED IN PART.

Defendant's dismissal request is DENIED; Defendant's request for a more definite statement is GRANTED IN PART and DENIED IN PART as stated above.

---

[5] *See e.g.,* (Doc. # 1 at ¶¶ 75–81) ("Defendants had a duty to design. . .. The [pressure cooker] purchased from Defendants. . . left the possession of Defendants. . .. Had Defendants adequately tested the [pressure cooker].")

Plaintiffs shall file an amended complaint within 14 days of the date of this Order.

DATED: November 4, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge